**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 26-34-DLB**

**RASEAN JAMES PINER**                                                              **PETITIONER**


**VS.**                          **MEMORANDUM OPINION AND ORDER**


**WARDEN BURNSIDE,**                                                          **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Federal inmate Rasean Piner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons ("BOP") determination that he is ineligible for sentence credits under the First Step Act of 2018 ("FSA").  *See* (Doc. # 1).  The warden has filed his response in opposition, to which Piner has replied. *See* (Doc. # 6, # 7).  This matter is ripe for decision.

In May 2022, Piner agreed to plead guilty to a single count of possessing with intent to distribute 500 grams or more of methamphetamine, 500 grams or more of cocaine, and 40 grams or more of fentanyl, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).  In February 2023, the trial court imposed a 151-month term of imprisonment, to be served concurrently with the sentence imposed in a prior state case. *United States v. Piner*, No. 3: 21-CR-89 (S.D. Ohio 2021).

In his petition, Piner indicates that the BOP has refused to permit him to earn time credits under the FSA because in 2017 he was involved in a fight that resulted in an Ohio state conviction.  *See* (Doc. # 1 at 11-14).  During the administrative remedy process, the

1

BOP asserted that this conduct established a history of violence which raised his PATTERN Risk Recidivism Level above the point at which he could earn credits. *See* (Doc. # 1-2 at 1; # 1-4 at 1). In his response to the petition, the Warden argues that Piner's conviction for possession with intent to distribute 40 grams or more of fentanyl renders him categorically ineligible to receive FSA time credits. *See* (Doc. # 6 at 2-4). The governing statute provides:

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> (lxvi) Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) … relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).

Here, Piner was convicted of possessing 40 grams or more of fentanyl, a violation of 21 U.S.C. 841(b)(1)(B)(vi). *See* (Doc. # 6-1 at 8-9). Piner is therefore statutorily ineligible to earn credits under the FSA. *Cf. Jones v. Emmerich*, No. 25-CV-661-JDP, 2025 WL 3163825, at *1 (W.D. Wis. Oct. 6, 2025) ("Consistent with § 3632(d)(4)(D)(lxvi)'s plain language, courts have held that prisoners, like Jones, who were sentenced under § 841(b)(1)(B)(vi) are ineligible for FSA time credit.") (collecting cases); *Fabela v. Emmerich*, No. 25-CV-664-WMC, 2026 WL 788671, at *2 (W.D. Wis. Mar. 20, 2026) ("Section § 3632(d)(4)(D)(lxvi) clearly and unambiguously excludes prisoners like Fabela sentenced under § 841(b)(1)(A)(vi) from receiving First Step Act time credits."). *See also Banks v. Paul*, No. 5:25-CV-82-KKC, 2025 WL 3211542, at *1 (E.D. Ky. Oct. 15, 2025)

("… the Court will deny Bank's request for relief because he is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(B)(vi), which renders him ineligible to receive FSA time credits."); *Payne v. Rardin*, No. 2:25-CV-11163, 2025 WL 2023001, at *2 (E.D. Mich. July 18, 2025) (same).

Accordingly, it is hereby **ORDERED** as follows:

1.    The petition, (Doc. # 1), is **DENIED**.

2.    This matter is **STRICKEN** from the docket.

This 26th day of June, 2026.

Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Piner 0-26-34 Memorandum.docx

3